IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CLEVELAND

| | |
|---|---|
| JASON ADAMS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WENCO ASHLAND, INC., WENCO AKRON LLC, WENCO INDIANA LLC, WENCO MANAGEMENT LLC, and WENCO WOOSTER, INC. d/b/a WENCO WENDY'S,<br><br>Defendants. | CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff Jason Adams ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Outten & Golden LLP and Dworken & Bernstein Co., L.P.A., upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover unpaid overtime compensation for Plaintiff and his similarly situated co-workers who have worked for Defendants Wenco Ashland, Inc., Wenco Akron LLC, Wenco Indiana LLC, Wenco Management LLC, and Wenco Wooster, Inc. ("Defendants") in the United States as exempt-classified Assistant General Managers, however variously titled (collectively, "Assistant General Managers" or "AGMs").

2. Plaintiff brings this action to recover unpaid overtime compensation for himself and similarly situated AGMs as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA").

3. Plaintiff also brings this action to recover unpaid overtime compensation for himself and similarly situated Ohio AGMs as a Fed. R. Civ. P. 23 class action under the Ohio Revised Code §§ 4111.01 *et seq.* (the "Ohio Wage Laws").

4. Defendants operate approximately 64 franchise locations of the Wendy's fast food restaurant chain in Ohio, Michigan, and Indiana.

5. Defendants employ AGMs, such as Plaintiff, to assist in the operation of their restaurants by: cooking and preparing food; serving customers; unpacking and stocking products and supplies; taking out the trash; washing equipment; and cleaning the restaurant.

6. Defendants require its AGMs to meet daunting productivity requirements each workweek, forcing Plaintiff to work long hours, often in excess of 40 hours per workweek to fulfill required responsibilities.

7. Defendants required Plaintiff and other AGMs to work more than 40 hours per workweek and did not pay them overtime compensation for hours worked beyond 40 in any workweek.

8. Defendants misclassified Plaintiff and other AGMs as exempt from the overtime requirements of the FLSA.

9. Plaintiff and other AGMs performed substantially the same primary duties in all of Defendants' restaurants.

10. Plaintiff and AGMs spent the majority of their time performing the same duties that non-exempt restaurant employees performed, including cooking and preparing food; serving customers; unpacking and stocking products and supplies; taking out the trash; washing equipment; and cleaning the restaurant. Performing these tasks was the primary duty of the AGM position.

11. Defendants willfully designed its policy and practice to avoid its overtime obligations.

12. Defendants' policy and practice contravenes the requirements of the FLSA.

13. Defendants' policy and practice also is unlawful under the Ohio Wage Laws.

14. Defendants applied the same compensation and employment policies, practices, and procedures to their AGMs across all of its restaurant locations.

## THE PARTIES

**Plaintiff**

15. Plaintiff is an adult individual who is a resident of Mansfield, Ohio.

16. Plaintiff was employed by Wenco Wendy's as an AGM in the Ashland, Ohio location from approximately June 2016 to approximately December 2016.

17. While employed by Defendants as an AGM, Plaintiff regularly worked more than 40 hours per week and often worked between 50 and 55 hours per week.

18. Pursuant to Defendants' policy and pattern or practice, Defendants did not pay Plaintiff overtime premium pay when he worked as an AGM in excess of 40 hours in a workweek.

19. Plaintiff is a covered employee within the meaning of the FLSA and the Ohio Wage Laws.

20. A written consent form signed for Plaintiff is attached hereto as **Exhibit A**.

**Defendants**

21. Each Defendant employed or acted in the interest of an employer towards Plaintiff and other similarly situated current and former AGMs and, directly or indirectly, jointly or severally, including, without limitation, directly or indirectly controlling and directing the terms of employment and compensation of Plaintiff and other similarly situated current and former

AGMs.

22. Upon information and belief, the Defendants operate in concert and together in a common enterprise and through related activities, as here relevant, so that the actions of one may be imputed to the other and/or so that they operate as joint employers within the meaning of the FLSA and the Ohio Wage Laws.

23. Each Defendant had the power to control the terms and conditions of employment of Plaintiff and other similarly situated current and former AGMs including, without limitation, those terms and conditions relating to the claims alleged herein.

24. Defendants are operated by a small group of individuals. Upon information and belief, Zane Gross, Ken Donelson, and Chad Donelson manage Defendants in concert. Upon information and belief, Ken Donelson, Chad Donelson, and Steven Donelson are related.[1]

25. Zane Gross, Jr. is listed as the President, Owner, CEO, and/or Registered Agent for each Defendant. Chad Donelson is listed as Owner/Vice President and Ken Donelson is listed as Founder of Wenco Wooster, Inc. in its incorporation documents. Steven Donelson is listed as an incorporator of Wenco Ashland, Inc.[2]

26. Defendants jointly employed Plaintiff and other similarly situated current and former AGMs.

---

[1] Missy Loar, *Wendy's franchise owner Wenco Wooster purchases former Friendly's on Claremont Avenue*, Times-Gazette (Dec. 14, 2012), https://www.times-gazette.com/article/20121214/NEWS/312149401 (last visited July 2, 2019) ("Gross and Donelson acquired the company from Donelson's parents at the turn of the century[.]").

[2] *Id.* (stating Zane Gross is president and CEO of Wenco Wooster and Chad Donelson is Vice President of same); Zane Gross, LinkedIn, https://www.linkedin.com/in/zane-gross-84196165 (last visited July 2, 2019) (listing self as CEO & President at Wenco Wooster Inc., Wenco Ashland Inc., Wenco Akron LLC d/b/a Wendy's); *See also* Chad Donelson, LinkedIn, https://www.linkedin.com/in/chad-donelson-3b2029a9 (last visited July 2, 2019) (listing self as Vice President and franchise owner of Wenco Wooster Inc., Wenco Ashland Inc., and Wenco Akron LLC).

*Defendant Wenco Ashland, Inc.*

27. Wenco Ashland, Inc. is a corporation with an office located at 400 Claremont Avenue, Ashland, OH 44805.

28. Wenco Ashland, Inc. is a covered employer within the meaning of the FLSA and the Ohio Wage Laws.

29. At all times relevant, Wenco Ashland, Inc. maintained control, oversight, and direction over Plaintiff and similarly situated employees, including with respect to the timekeeping, payroll, and other employment practices that applied to them.

30. Wenco Ashland, Inc. applies the same employment policies, practices, and procedures to AGMs at all of Defendants' restaurants, including policies, practices, and procedures with respect to the payment of overtime compensation.

31. Upon information and belief, at all times relevant, Wenco Ashland, Inc.'s annual gross volume of sales made or business done was not less than $500,000.

*Defendant Wenco Akron, LLC*

32. Wenco Akron, LLC is a limited liability company with an office located at 400 Claremont Avenue, Ashland, OH 44805.

33. Wenco Akron, LLC is a covered employer within the meaning of the FLSA and the Ohio Wage Laws.

34. At all times relevant, Wenco Akron, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including with respect to the timekeeping, payroll, and other employment practices that applied to them.

35. Wenco Akron, LLC applies the same employment policies, practices, and procedures to AGMs at all of Defendants' restaurants, including policies, practices, and procedures with respect to the payment of overtime compensation.

36. Upon information and belief, at all times relevant, Wenco Akron, LLC's annual gross volume of sales made or business done was not less than $500,000.

***Defendant Wenco Indiana, LLC***

37. Wenco Indiana, LLC is a limited liability company with an office located at 400 Claremont Avenue, Ashland, OH 44805.

38. Wenco Indiana, LLC is a covered employer within the meaning of the FLSA and the Ohio Wage Laws.

39. At all times relevant, Wenco Indiana, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including with respect to the timekeeping, payroll, and other employment practices that applied to them.

40. Wenco Indiana, LLC applies the same employment policies, practices, and procedures to AGMs at all of Defendants' restaurants, including policies, practices, and procedures with respect to the payment of overtime compensation.

41. Upon information and belief, at all times relevant, Wenco Indiana, LLC's annual gross volume of sales made or business done was not less than $500,000.

***Defendant Wenco Management LLC***

42. Wenco Indiana, LLC is a limited liability company with an office located at 400 Claremont Avenue, Ashland, OH 44805.

43. Wenco Management, LLC is a covered employer within the meaning of the FLSA and the Ohio Wage Laws.

44. At all times relevant, Wenco Management, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including with respect to the timekeeping, payroll, and other employment practices that applied to them.

45. Wenco Management, LLC applies the same employment policies, practices, and procedures to AGMs at all of Defendants' restaurants, including policies, practices, and procedures with respect to the payment of overtime compensation.

46. Upon information and belief, at all times relevant, Wenco Management, LLC's annual gross volume of sales made or business done was not less than $500,000.

***Defendant Wenco Wooster, Inc.***

47. Wenco Wooster, Inc. is a corporation with an office located at 400 Claremont Avenue, Ashland, OH 44805.

48. At all times relevant, Wenco Wooster, Inc. has been the corporate entity listed on Plaintiff's paychecks.

49. Wenco Wooster, Inc. is a covered employer within the meaning of the FLSA and the Ohio Wage Laws.

50. At all times relevant, Wenco Wooster, Inc. maintained control, oversight, and direction over Plaintiff and similarly situated employees, including with respect to the timekeeping, payroll, and other employment practices that applied to them.

51. Wenco Wooster, Inc. applies the same employment policies, practices, and procedures to AGMs at all of Defendants' restaurants, including policies, practices, and procedures with respect to the payment of overtime compensation.

52. Upon information and belief, at all times relevant, Wenco Wooster, Inc.'s annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

53. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

54. Plaintiff's state law claim is so closely related to his FLSA claim that it forms part

of the same case or controversy under Article III of the United States Constitution.

55. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

56. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

57. Venue is proper in the Northern District of Ohio, Eastern Division, Cleveland pursuant to 28 U.S.C. § 1391 because Defendants operate there, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

58. Defendants are subject to personal jurisdiction in this district.

## COLLECTIVE ACTION ALLEGATIONS

59. Plaintiff brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who worked as AGMs at Defendants' restaurants nationwide, during the applicable statute of limitations period, who elect to opt-in to this action (the "FLSA Collective").

60. Defendants are liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiff and other similarly situated AGMs.

61. Consistent with Defendant's policy and pattern or practice, Plaintiff and the members of the FLSA Collective were not paid an overtime premium when they worked beyond 40 hours in a workweek. Instead, Plaintiff and the members of the FLSA Collective were paid a pre-set weekly lump sum for overtime regardless of the amount of overtime hours worked.

62. Consistent with Defendants' policy and pattern or practice, Plaintiff and the members of the FLSA Collective were not paid overtime premium compensation when they worked beyond 40 hours in a workweek.

63. All the work that Plaintiff and the members of the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

64. Plaintiff and the members of the FLSA Collective perform or performed substantially the same primary duties.

65. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

    (a) willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

    (b) willfully misclassifying Plaintiff and the members of the FLSA collective as exempt from the protections of the FLSA; and

    (c) willfully failing to record all of the time that their employees, including Plaintiff and the members of the FLSA Collective, have worked for the benefit of Defendants

66. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and members of the FLSA Collective an overtime premium for hours worked in excess of 40 hours per workweek.

67. Defendants' unlawful conduct has been widespread, repeated, and consistent.

68. There are many similarly situated current and former AGMs who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

69. Similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

70. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## OHIO CLASS ACTION ALLEGATIONS

71. Plaintiff brings the Second Cause of Action, an Ohio Wage Law claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as an AGM at any Wenco Wendy's restaurant in Ohio between July 8, 2017, and the date of final judgment in this matter (the "Ohio Rule 23 Class").

72. Excluded from the Ohio Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Ohio Rule 23 Class.

73. The members of the Ohio Rule 23 Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

74. Upon information and belief, the size of the Ohio Rule 23 Class is at least 40 individuals.

75. Defendants have acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Ohio Rule 23 Class as a whole.

76. Common questions of law and fact exist as to the Ohio Rule 23 Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

    (a)    whether Defendants violate the Ohio Wage Laws;

    (b)    whether Defendants failed to pay Plaintiff and the members of the Ohio Rule 23 Class overtime wages for hours that they worked in excess of 40 hours per workweek;

    (c)    whether Defendants' policy to misclassify Plaintiff and the members of the Ohio Rule 23 Class as exempt from the protections of the Ohio Wage Law was done willfully or with reckless disregard of the law;

    (d)    whether Defendants failed to keep true and accurate time records of all hours worked by Plaintiff and the Ohio Rule 23 Class;

    (e)    what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records; and

    (f)    the nature and extent of class-wide injury and the measure of damages for those injuries.

77. The claims of Plaintiff are typical of the claims of the Ohio Rule 23 Class he seeks to represent.

78. Plaintiff and all of the Ohio Rule 23 Class Members work, or have worked, for Defendants as AGMs.

79. Plaintiff and the Ohio Rule 23 Class Members enjoy the same statutory rights under the Ohio Wage Laws, including to be paid for all hours worked and to be paid overtime wages. Plaintiff and the Ohio Rule 23 Class Members have all sustained similar types of damages as a result of Defendants' failure to comply with the Ohio Wage Laws. Plaintiff and the Ohio Rule 23 Class Members have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

80. Plaintiff will fairly and adequately represent and protect the interests of the members of the Ohio Rule 23 Class. Plaintiff understands that as a class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff recognizes that as a class representative, he must represent and consider the interests of the Ohio Rule 23 Class just as he would represent and consider his own interests. Plaintiff

understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the class. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Ohio Rule 23 Class. Plaintiff understands that in order to provide adequate representation, he must be informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in his possession, and testify at deposition and/or trial.

81. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiff and the Ohio Rule 23 Class Members.

82. A class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Ohio Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the Ohio Wage Laws, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Ohio Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

83. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

**COMMON CLASS AND COLLECTIVE ACTION ALLEGATIONS**

84. Throughout their employment with Defendants, Plaintiff and the members of the FLSA Collective ("Collective Members") and Ohio Rule 23 Class ("Class Members") regularly worked more than 40 hours per week.

85. Plaintiff and the Class and Collective Members performed similar primary job duties at Defendants' restaurants.

86. Defendants were aware that Plaintiff and the Class and Collective Members worked more than 40 hours per workweek, yet Defendants failed to pay overtime compensation for hours worked over 40 in a workweek.

87. Defendants did not keep accurate records of hours worked by Plaintiff or the Class and Collective Members.

88. Defendants did not require Plaintiff or the Class and Collective Members to clock in or out, or otherwise record their time.

89. Plaintiff and the Class and Collective Members primarily performed routine, non-exempt tasks including, but not limited to:

    (a)    cooking and preparing food;

    (b)    serving customers;

    (c)    unpacking and stocking products and supplies;

    (d)    taking out trash;

    (e)    washing equipment; and

    (f)    cleaning the restaurant.

90. The primary duties of Plaintiff and the Class and Collective Members did not differ substantially from the duties of hourly, non-exempt employees.

91. Plaintiff's and the Class and Collective Members' primary job duties as AGMs did not include:

    (a)    hiring;

    (b)    firing;

    (c)    scheduling; or

    (d)    disciplining other employees.

92. The primary duties of Plaintiff and the Class and Collective Members were not directly related to Defendants' management or general business operations.

93. The primary duties of Plaintiff and the Class and Collective Members did not include the exercise of discretion or independent judgment regarding matters of significance.

94. Plaintiff and the Class and Collective Members were not involved in planning Defendants' long or short-term business objectives.

95. Plaintiff and the Class and Collective Members did not formulate, affect, implement or interpret Defendants' management policies or operating practices.

96. Plaintiff and the Class and Collective Members did not carry out major assignments that affected Defendants' business operations.

97. Plaintiff and the Class and Collective Members did not have authority to commit Defendants in matters that had significant financial impact.

98. Plaintiff and the Class and Collective Members could not waive or deviate from Defendants' established policies or procedures without prior approval.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the members of the FLSA Collective)

99. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

100. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Class and Collective Action Complaint.

101. At all relevant times, Plaintiff and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

102. At all relevant times, Defendants employed Plaintiff and the FLSA Collective.

103. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

104. At all relevant times, Defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

105. At all times relevant, Plaintiff and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

106. Defendants have failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

107. Defendants' violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional.

108. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

109. As a result of the unlawful acts of Defendants, Plaintiff and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, other compensation pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief provided by law as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### Ohio Wage Laws: Unpaid Overtime Wages
**(Brought on Behalf of Plaintiff and the members of the Ohio Rule 23 Class)**

110. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

111. Defendants have engaged in a widespread pattern and practice of violating the Ohio Wage Laws, as described in this Class and Collective Action Complaint.

112. At all relevant times, Plaintiff and the members of the Ohio Rule 23 Class have been employees and Defendants have been employers within the meaning of the Ohio Wage Laws.

113. Plaintiff and the members of the Ohio Rule 23 Class are covered by Ohio Wage Laws and accompanying regulations.

114. Defendants employed Plaintiff and the members of the Ohio Rule 23 Class.

115. Defendants violated Ohio Wage Laws, in relevant part, by failing to pay Plaintiff and the members of the Ohio Rule 23 Class overtime compensation as required by the Ohio Wage Laws, including Ohio Rev. Code Ann. §§ 4111.01 et seq., and § 4113.15.

116. Defendants failed to pay Plaintiff and the members of the Ohio Rule 23 Class overtime for hours worked over 40 in a workweek.

117. Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the members of the Ohio Rule 23 Class.

118. Defendants' violations of the Ohio Wage Laws have been willful and intentional.

119. Due to Defendants' violations of the Ohio Wage Laws, Plaintiff and the members of the Ohio Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, penalties, and pre-judgment and post-judgment interest.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seeks the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all AGMs and similarly situated employees who are presently, or have at any time since July 8, 2016, up through and including the date of this Court's issuance of court-supervised notice, worked at Wenco Wendy's. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Unpaid overtime pay and any penalties and other damages as permitted by law pursuant to the Ohio Wage Laws;

D. Certification of the Ohio Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E. Designation of Plaintiff as a Class Representative for the Ohio Rule 23 Class and counsel of record as Class Counsel;

F. Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful;

    G.      Pre-judgment interest and post-judgment interest;

    H.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

    I.      A reasonable incentive award for Plaintiff to compensate him for the time and effort he has spent and will spend protecting the interests of other AGMs and for the risks he took in doing so;

    J.      Reasonable attorneys' fees and costs of the action; and

    K.      Such other relief as this Court shall deem just and proper.

Dated:  July 8, 2019
        Cleveland, Ohio                    Respectfully submitted,

                                              By: */s/ Nicole Fiorelli*
                                                    Nicole Fiorelli

                                                    **DWORKEN & BERNSTEIN CO., L.P.A.**
                                                    Nicole Fiorelli
                                                    60 South Park Place
                                                    Painesville, OH 44077
                                                    Telephone: (216) 861-4211

                                                    **OUTTEN & GOLDEN LLP**
                                                    Molly Brooks*
                                                    Nina Martinez*
                                                    685 Third Avenue, 25th Floor
                                                    New York, New York 10017
                                                    Telephone: (212) 245-1000

                                                    *Attorneys for Plaintiff and the Putative Collective and Class*

                                                    **Pro hac vice* application forthcoming